# *Exhibit A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------X          Index No.
DANIEL NEAL,

                        Plaintiffs,              Plaintiff designates
                                                 Kings County as
                                                 place of trial.

   - against -                                   The basis of the
                                                 venue is the
                                                 location of occurrence.

THE CITY OF NEW YORK, SEAGATE COURT              S U M M O N S
HOMEOWNERS ASSOCIATION, INC.,SEAGATE
HOMEOWNERS ASSOCIATION, THE SEAGATE              Plaintiff resides at
ASSOCIATION, and DARRIEN PHILLIPS,               2750 West 33rd Street, #1548
                                                 Brooklyn, NY 11224
                        Defendants.              County of Kings
--------------------------------------X

To the above named defendant(s):

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the Plaintiffs'
attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after service is complete if
this summons is not personally delivered to you within the State of
New York) and in case of your failure to appear or answer, judgement
will be taken against you by default for the relief demanded in the
complaint.

Dated:    New York, New York
          November 20, 2018

                                 SCHMELKIN ASSOCIATES, P.C.
                                 Attorneys for Plaintiff
                                 **DANIEL NEAL**
                                 Office & P.O. Address
                                 30 Vesey Street, 4th Floor
                                 New York, New York 10007
                                 (212) 227-8865

The City of New York, 100 Church Street, New York, NY 10007
Seagate Court Homeowners Association, Inc., 1258 49th Street,
Brooklyn, NY 11219
Seagate Homeowners Association,3700 Surf Avenue, Brooklyn, NY 11223
The Seagate Association, 3700 Surf Avenue, Brooklyn, New York 11223
Darrien Phillips, c/o 60th Pct, 2951 West 8th Street, Brooklyn, NY

Case 1:19-cv-00787-BDF5C   Document 1-2   Filed 02/05/19   Page 3 of 28 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------X     Index No.

DANIEL NEAL,

                    Plaintiff,


   - against -

                                    **VERIFIED COMPLAINT**

THE CITY OF NEW YORK, SEAGATE COURT
HOMEOWNERS ASSOCIATION, INC.,SEAGATE
HOMEOWNERS ASSOCIATION, THE SEAGATE
ASSOCIATION, and DARRIEN PHILLIPS,

                  Defendants.

-------------------------------------X

      Plaintiff, complaining of the defendants, by his attorneys, SCHMELKIN ASSOCIATES, P.C., hereby sets forth and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

      1.   That, at all times hereinafter mentioned, and on November 30, 2017, the plaintiff, **DANIEL NEAL**, was and still is a resident of the County of Kings, City and State of New York.

      2.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant, **THE CITY OF NEW YORK**, (hereinafter referred to as "THE CITY") was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

      3.   That, at all times hereinafter mentioned, and on November 30, 2017, defendant, **DARRIEN PHILLIPS**, (hereinafter referred to as "PHILLIPS"), was and still is a resident of the

Case 1:19-cv-00707-DLI-JO   Document 1-2   Filed 02/05/19   Page 4 of 28 PageID #: 9

City and State of New York.

     4.   That, the plaintiff, **DANIEL NEAL**, has complied with all the conditions precedent to the commencement of the within action against the defendant, **THE CITY**; plaintiff's Notice of Claim was served on February 13, 2018 within ninety (90)days of the date that the within cause of action having been caused to accrue; that thirty (30) days have elapsed and the claim remains unpaid and unadjusted; that, the plaintiff, **DANIEL NEAL**, testified at an oral examination pursuant to the General Municipal Law on April 24, 2018; and, that this action is being commenced herewith within one (1) year and ninety (90) days of the date that the within cause of action having been caused to accrue.

     5.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant, **SEAGATE COURT HOMEOWNERS ASSOCIATION, INC.**, (hereinafter referred to as "**SEAGATE**"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

     6.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant **SEAGATE**, was and still is a foreign corporation transacting business within the State of New York.

     7.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant, **THE SEAGATE HOMEOWNERS ASSOCIATION** (hereinafter referred to as "**HOMEOWNERS**"), was and still is a domestic corporation duly organized and existing under

and by virtue of he laws of the State of New York.

8.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant **HOMEOWNERS** was and still is a domestic business entity, transacting business within the State of New York.

9.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant, **THE SEAGATE ASSOCIATION** (hereinafter referred to as "**ASSOCIATION**"), was and still is a domestic corporation duly organized and existing under and by virtue of he laws of the State of New York.

10.   That, at all times hereinafter mentioned, and on November 30, 2017, the defendant **ASSOCIATION** was and still is a domestic business entity, transacting business within the State of New York.

11.   That at all times hereinafter mentioned and on November 30, 2017, the plaintiff, **DANIEL NEAL** was, in the vicinity of 5017 Surf Avenue, in the County of Kings, City and State of New York.

12.   That, he was given permission remove his possessions from the aforementioned premises.

13.   That he obtained a dolly and utilized same to remove his possessions.

14.   That police officers, and/or other agents, servants, and/or employees of the defendant and/or defendants had approached the plaintiff, **DANIEL NEAL**, and began to interrogate

him without probable cause.

15.   That, the plaintiff, **DANIEL NEAL**, was thereafter arrested by the defendant and/or defendants, their agents, servants, and/or employees and a police officer, and his personal items were confiscated.

16.   That, the plaintiff, **DANIEL NEAL**, was taken by the defendant, and/or defendants, and their agents servants, and/or employees, to the Seagate Precinct, whereby he was held against his will and arrested.

17.   That, he remained in handcuffs and cuffed to the wall by the defendant, and/or defendants, their agents, servants, and employees.

18.   That he was thereafter taken to the 60th Precinct whereby he remained under the custody and against his will by the defendant and/or defendants, their agents, servants, and employees.

19.   That he was thereafter removed to Central Booking by the defendant and/or defendants, their agents, servants, and employees, and remained there for a long period of time.

20.   That the plaintiff. **DANIEL NEAL**, was seen by a judge, and thereafter released.

21.   That the plaintiff, **DANIEL NEAL**, was forced to appear in Court, whereby the charges were adjourned in contemplation of dismissal.

## AS AND FOR A FIRST CAUSE OF ACTION

22.   That, the plaintiff, **DANIEL NEAL**, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs 1 through 21 with the same force and effect as if hereinafter more fully set forth at length herein.

23.   That, on November 30, 2017, the plaintiff, **DANIEL NEAL**, was assaulted/battered by the defendant, and/or defendants by and through their agents, servants and/or employees.

24.   That, the plaintiff, **DANIEL NEAL**, was assaulted/battered without justification and without cause and without excuse.

25.   That, the assault/battery took place on premises known as 5017 Surf Avenue, Brooklyn, in the County of Kings, City and State of New York, and other locations wherein the plaintiff, **DANIEL NEAL**, was held against his will by the defendant and/or defendants, their agents, servants and/or employees.

26.   That, at all times hereinafter mentioned and on November 30, 2017, and for sometime prior thereto, defendant, **PHILLIPS**, was a New York City police officer, and/or agent servant and/or employee of the defendant, **THE CITY**, working in the scope and course of his employment as a New York City Police Officer, and was employed by the defendant, **THE CITY**.

27.   That, at all times hereinafter mentioned and on November 30, 2017, and for sometime prior thereto, defendant, **PHILLIPS**, was a police officer, and/or agent servant and/or employee

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/20/2018

of the defendant, and/or defendants working in the scope and course of his employment as a police officer.

28. That, the aforementioned assault and battery of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, and/or defendants, while working within the scope and course of the employment with the defendant, **THE CITY**.

29. That, the aforementioned assault and battery of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **SEAGATE**, and/or the defendant, and/or defendants, while working within the scope and course of their employment.

30. That, the aforementioned assault and battery of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **HOMEOWNERS**, and/or the defendant, and/or defendants, while working within the scope and course of their employment.

31. That, the aforementioned assault and battery of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **ASSOCIATION**, and/or the defendant, and/or defendants, while working within the scope and course of their employment.

32. That, by reason of the foregoing, the plaintiff, **DANIEL NEAL**, was injured; was rendered sick, sore, lame and disabled; was and/or will be caused to undergo medical treatment and

advice; was unable to pursue his usual and regular activities; and, upon information and belief, his injuries are permanent in nature and effect.

33.   That this action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

34.   That, by reason of the foregoing, the plaintiff, **DANIEL NEAL**, has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>

35.   That, the plaintiff, **DANIEL NEAL**, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs 1 through 34 with the same force and effect as if hereinafter more fully set forth at length herein.

36.   That, all of the aforementioned acts, committed by police officers, servants, and/or other employees of the defendant, **THE CITY**, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or other employees of the defendant, **THE CITY**.

37.   That, all of the aforementioned acts, committed by police officers, servants, and/or other employees of the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police

officers, agents, servants and/or other employees of the defendant, **SEAGATE**, and/or defendant, and/or defendants.

38. That, all of the aforementioned acts, committed by police officers, servants, and/or other employees of the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or other employees of the defendant, **HOMEOWNERS**, and/or defendant, and/or defendants.

39. That, all of the aforementioned acts, committed by police officers, servants, and/or other employees of the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or other employees of the defendant, **ASSOCIATION**, and/or defendant, and/or defendants.

40. That the defendant, **THE CITY**, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants and/or other employees, who were employed by the defendant, and/or defendants.

41. That the defendant, and/or defendants, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants and/or other employees, who were employed by the defendant, **SEAGATE**, and/or the defendant and/or defendants.

42.   That the defendant, and/or defendants, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants and/or other employees, who were employed by the defendant, **HOMEOWNERS**, and/or the defendant and/or defendants.

43.   That the defendant, and/or defendants, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants and/or other employees, who were employed by the defendant, **ASSOCIATION**, and/or the defendant and/or defendants.

44.   That, all of the aforementioned acts, committed by the police officers, agents, servants and/or other employees of the defendant, **PHILLIPS**, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or employees of the defendant, **THE CITY**.

45.   That, all of the aforementioned acts, committed by the police officers, agents, servants and/or other employees of the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or employees of the defendant, **SEAGATE**, and/or the defendant, and/or defendants.

46.   That, all of the aforementioned acts, committed by the police officers, agents, servants and/or other employees of

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/20/2018

the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or employees of the defendant, **HOMEOWNERS**, and/or the defendant, and/or defendants.

47.  That, all of the aforementioned acts, committed by the police officers, agents, servants and/or other employees of the defendant, and/or defendants, were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants and/or employees of the defendant, **ASSOCIATION**, and/or the defendant, and/or defendants.

48.  That, the defendant, **THE CITY**, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants, and/or other employees, including, but not limited to defendant, **PHILLIPS**, who was employed by the defendant, **THE CITY**.

49.  That, the defendant, and/or defendants, was additionally negligent, reckless and careless in the negligent hiring, negligent retention, and negligent training of various police officers, agents, servants, and/or other employees, including, but not limited to defendant, **PHILLIPS**, who was employed by the defendant, **SEAGATE**, and/or the defendant, and/or defendants.

50.  That, the defendant, and/or defendants, was additionally negligent, reckless and careless in the negligent

hiring, negligent retention, and negligent training of various
police officers, agents, servants, and/or other employees,
including, but not limited to defendant, **PHILLIPS**, who was
employed by the defendant, **HOMEOWNERS**, and/or the defendant,
and/or defendants.

51.    That, the defendant, and/or defendants, was
additionally negligent, reckless and careless in the negligent
hiring, negligent retention, and negligent training of various
police officers, agents, servants, and/or other employees,
including, but not limited to defendant, **PHILLIPS**, who was
employed by the defendant, **ASSOCIATION**, and/or the defendant,
and/or defendants.

52.    That, by reason of the foregoing, the plaintiff,
**DANIEL NEAL**, was injured; was rendered sick, sore, lame and
disabled; was and/or will be caused to undergo medical treatment
and advice; was unable to pursue his usual and regular activities;
and, upon information and belief, his injuries are permanent in
nature and effect.

53.    That this action falls within one or more of the
exceptions as set forth in CPLR Section 1602, involving the
defendant and/or defendants, having acted in reckless disregard
for the safety of others, as well as having performed intentional
acts.

54.    That, by reason of the foregoing, the plaintiff,
**DANIEL NEAL**, has sustained damages in an amount in excess of the

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/20/2018

jurisdictional limits of all the lower Courts of the State of New York.

### AS AND FOR A THIRD CAUSE OF ACTION

55.   That the plaintiff, **DANIEL NEAL**, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs 1 through 54 with the same force and effect as if hereinafter more fully set forth at length herein.

56.   That, on November 30, 2017, the plaintiff, **DANIEL NEAL**, was caused to be falsely arrested and falsely imprisoned without probable cause.

57.   That, the plaintiff, **DANIEL NEAL**, was arrested without an arrest warrant.

58.   That, the false arrest/false imprisonment took place on premises known as 5017 Surf Avenue, Brooklyn, in the County of Kings, City and State of New York, and other locations and wherein the plaintiff, **DANIEL NEAL** was held against his will by the defendant and/or defendants, their agents, servants and/or employees.

59.   That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **THE CITY**.

60.   That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by

NYSCEF DOC. NO. 1

police officers and/or other servants, agents and/or employees of the defendant, **SEAGATE**, and/or the defendant, and/or defendants.

61. That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **HOMEOWNERS**, and/or the defendant, and/or defendants.

62. That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by police officers and/or other servants, agents and/or employees of the defendant, **ASSOCIATION**, and/or the defendant, and/or defendants.

63. That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by defendant, **PHILLIPS**, and/or other servants, agents and/or employees of the defendant, **THE CITY**, while working within the scope and course of the employment with the defendant, **THE CITY**.

64. That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by defendant, **PHILLIPS**, and/or other servants, agents and/or employees of the defendant, and/or defendants, while working within the scope and course of the employment with the defendant, **SEAGATE**, and/or the defendant, and/or defendants.

65. That, the aforementioned false arrest and false

imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by defendant, **PHILLIPS**, and/or other servants, agents and/or employees of the defendant, and/or defendants, while working within the scope and course of the employment with the defendant, **HOMEOWNERS**, and/or the defendant, and/or defendants.

66.  That, the aforementioned false arrest and false imprisonment of the plaintiff, **DANIEL NEAL**, was carried out by defendant, **PHILLIPS**, and/or other servants, agents and/or employees of the defendant, and/or defendants, while working within the scope and course of the employment with the defendant, **ASSOCIATION**, and/or the defendant, and/or defendants.

67.  That, by reason of the foregoing, the plaintiff, **DANIEL NEAL**, was injured; was rendered sick, sore, lame and disabled; was and/or will be caused to undergo medical treatment and advice; was unable to pursue his usual and regular activities; and, upon information and belief, his injuries are permanent in nature and effect.

68.  That this action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions as well as the defendant and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

69.  That, by reason of the foregoing, the plaintiff, **DANIEL NEAL**, has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION

70. The plaintiff, **DANIEL NEAL**, repeats, reiterates, and realleges, each and every allegation as set forth in paragraphs 1 through 69, with the same force and effect as if hereinafter more fully set forth at length herein.

71. That the plaintiff, **DANIEL NEAL**, did not commit any illegal act, nor did the individually named defendant have reason to believe he committed an unlawful act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, excessive force was used against him; and deprived his of his constitutional rights pursuant to the Fourth, Fifth and Fourteenth Amendments as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

72. That at all times hereinafter mentioned, the defendant, **PHILLIPS**, was employed in his respective capacity by the defendant, **THE CITY** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant, **THE CITY**.

73. That at all times hereinafter mentioned, the defendant, **PHILLIPS**, was employed in his respective capacity by the defendant, and/or defendants and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant, and/or defendants.

74.   Defendant, **PHILLIPS**, is being sued in his personal and official capacities for violation of plaintiff's constitutional rights pursuant to 42 USC,§1983.  Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendant, **THE CITY** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff, **DANIEL NEAL**, or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

75.   Defendant, **PHILLIPS**, is being sued in his personal and official capacities for violation of plaintiff's constitutional rights pursuant to 42 USC,§1983.  Although defendant and/or defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendant, and/or defendants has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff, **DANIEL NEAL**, or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

76.   The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff, **DANIEL NEAL**, of the following rights, privileges and immunities secured to his by the Constitution of the United States and of the State of New York:  The right of plaintiff, **DANIEL NEAL**, to be secure in his person and effects against unreasonable

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/20/2018

search and seizure under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; the right of plaintiff, **DANIEL NEAL**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and the right of plaintiff, **DANIEL NEAL**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

77.   That the deprivation of plaintiff's Constitutional rights was the result of the unconstitutional acts of defendant, **PHILLIPS**, while acting under color of state law and within the scope of his employ.

78.   That the deprivation of plaintiff's Constitutional rights was the result of the defendant, **THE CITY's** custom and/or policy of arresting individuals without probable cause.

79.   That the deprivation of plaintiff's Constitutional rights was the result of the defendant, and/or defendants' custom and/or policy of arresting individuals without probable cause.

80.   That the deprivation of plaintiff's Constitutional rights was the result of the defendant, **THE CITY's** custom and/or policy of arresting minorities without probable cause.

81.   That the deprivation of plaintiff's Constitutional rights was the result of the defendant, and/or defendants' custom and/or policy of arresting minorities without probable cause.

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/20/2018

82.   That the deprivation of plaintiff, **DANIEL NEAL** Constitutional Rights was the result of the defendant, **THE CITY's** custom and/or policy of failing to discipline officers for arresting individuals without probable cause.

83.   That the deprivation of plaintiff, **DANIEL NEAL** Constitutional Rights was the result of the defendant, and/or defendants' custom and/or policy of failing to discipline officers for arresting individuals without probable cause.

84.   That the said customs and/or policies may be inferred from the existence of other similar Civil Rights actions that have been brought against the defendant, **THE CITY**.

85.   That the said customs and/or policies may be inferred from the existence of other similar Civil Rights actions that have been brought against the defendant, and/or defendants

86.   That the detaining of plaintiff, **DANIEL NEAL** without probable cause or justification was the result of customs and/or policies adopted by the defendant, **THE CITY**.

87.   That the detaining of plaintiff, **DANIEL NEAL** without probable cause or justification was the result of customs and/or policies adopted by the defendant, and/or defendants.

88.   That the deprivation of plaintiff, **DANIEL NEAL's** Constitutional Rights was the result of the defendant, **PHILLIPS's** arrest of the plaintiff **DANIEL NEAL** without probable cause.

89.   That the deprivation of plaintiff, **DANIEL NEAL's** Constitutional Rights was a result of the defendant, **THE**

CITY's custom and policy in failing to discipline officers for the use of excessive force.

90. That the deprivation of plaintiff, **DANIEL NEAL**'s Constitutional Rights was a result of the defendant, and/or defendants' custom and policy in failing to discipline officers for the use of excessive force.

91. That the customs and/or policies adopted by the defendant, **THE CITY** exhibited a deliberate indifference to the Constitutional rights of plaintiff, **DANIEL NEAL**.

92. That the customs and/or policies adopted by the defendant, and/or defendants exhibited a deliberate indifference to the Constitutional rights of plaintiff, **DANIEL NEAL**.

93. That by reason of the allegations as set forth in all of the aforementioned causes of actions, including, but not limited to the plaintiff's false arrest, false imprisonment, assault and battery, the negligence of the defendant and/or defendants, in the negligent hiring, negligent retention, and negligent training of its various employees and/or police officers, the plaintiff, **DANIEL NEAL** was caused to have his civil rights as guaranteed under the U.S. Constitution, including, but not limited to the Fourth, Fifth and Fourteenth Amendments, violated by the defendant and/or defendants herein, as set forth under 42 U.S.C. Section 1983.

94. That, by reason of the foregoing, the plaintiff **DANIEL NEAL** was injured; was rendered sick, sore, lame and

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF NEW YORK )

JOEL SCHMELKIN, an attorney admitted to practice law in the State of New York, states, the following:

I am associated with the law firm of Schmelkin Associates, P.C., the attorneys of record for the plaintiffs in the within action.  I have read the foregoing  **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe it to be true. This verification is made by me and not by the plaintiffs because the plaintiffs do not reside in the County where Schmelkin Associates, P.C. maintains its office.

The grounds of my belief as to all matters not stated upon my knowledge are conversations with plaintiffs and contents of the file maintained by Schmelkin Associates, P.C.

Dated:  New York, New York
        November 20, 2018

_____
JOEL SCHMELKIN

Index No. _____          Year 20 ___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DANIEL NEAL,

Plaintiff,

-against-

THE CITY OF NEW YORK, SEAGATE COURT HOMEOWNERS ASSOCIATION, INC.,
SEAGATE HOMEOWNERS ASSOCIATION, THE SEAGATE ASSOCIATION,
and DARRIEN PHILLIPS,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### SCHMELKIN ASSOCIATES, P.C.

*Attorneys for Plaintiff(s)*

Daniel Neal

*Office and Post Office Address, Telephone*
30 VESEY STREET, 4TH FLOOR
NEW YORK, N.Y. 10007
TEL: (212) 227-8865

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ........November 20, 2018          Signature ...............................................

                                          Print Signer's Name.......JOEL SCHMELKIN...............

*Service of a copy of the within*                                              *is hereby admitted.*

Dated:

                              *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*                          20

☐ **NOTICE OF SETTLEMENT**
*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                                    *, one of the judges of the within-named Court,*
*at*
*on*                          20        *, at*                    *M.*

Dated:

                                          **SCHMELKIN ASSOCIATES, P.C.**

                              *Attorneys for Plaintiff(s)*

To:
                                          *Office and Post Office Address, Telephone*
                                          30 VESEY STREET, 4TH FLOOR
                                          NEW YORK, N.Y. 10007

*Exhibit B*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

Job #: 169091

Attorney: SCHMELKIN ASSOCIATES, P.C. PH: (212) 227-8865
Address: 30 VESEY STREET NEW YORK, NEW YORK 10007

| | |
|---|---|
| DANIEL NEAL, | Index Number: 523414/18 |
| *Plaintiff* vs | Date Filed: 11/20/2018 |
| THE CITY OF NEW YORK., ETAL., | Client's File No.: |
| *Defendant* | Court Date: |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
SCHADRAC LAGUERRE, being sworn says:

**AFFIDAVIT OF SERVICE**

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 12/15/2018, at 1:53 PM at: 1258 49th STREET, BROOKLYN, NY 11219 Deponent served the within Notice of Commencement of Action Subject to Mandatory Electronic Filing, Summons and Verified Complaint

On: SEAGATE COURT HOMEOWNERS ASSOCIATION, INC., therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to (Managing Agent) a person of suitable age and discretion. Said premises is recipient's:☐ actual place of business / employment ☐ dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
☐ actual place of business / employment ☐ dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☒ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to Refused name personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be Managing Agent thereof.

☐ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known ☐ Actual Place of Residence ☒ Actual Place of Business, and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Male       Color of skin: White       Color of hair: Black       Glasses:
Age: 36-50      Height: 5ft 9in - 6ft 0in             Weight: 161-200 Lbs.       Other Features:

☐ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 12/17/2018

JAY BRODSKY
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2019

SCHADRAC LAGUERRE
2026480-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK                          **Job #: 169092**
COUNTY OF KINGS
Attorney: SCHMELKIN ASSOCIATES, P.C. PH: (212) 227-8865
Address: 30 VESEY STREET NEW YORK, NEW YORK 10007

---

| | |
|---|---|
| DANIEL NEAL, | **Index Number: 523414/18** |
| *vs* *Plaintiff* | **Date Filed: 11/20/2018** |
| THE CITY OF NEW YORK., ETAL., | **Client's File No.:** |
| *Defendant* | **Court Date:** |

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:                **AFFIDAVIT OF SERVICE**
SCHADRAC LAGUERRE, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 12/15/2018, at 3:33 PM at: 3700 SURF AVENUE, BROOKLYN, NY 11223 Deponent served the within **Notice of Commencement of Action Subject to Mandatory Electronic Filing, Summons and Verified Complaint**

On: **SEAGATE HOMEOWNERS ASSOCIATION,** therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to  (Agent For Service Of Process) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☒ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to Refused name  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be Agent For Service Of Process thereof.

☐ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [X] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Male                Color of skin: White        Color of hair: Black      Glasses:
Age: 36-50             Height: 5ft 9in - 6ft 0in               Weight: 161-200 Lbs.        Other Features:

☐ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 12/17/2018

_____
JAY BRODSKY
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2019

_____
SCHADRAC LAGUERRE
2025030-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

FILED: KINGS COUNTY CLERK 03/02/2019 10:59 AM
NYSCEF DOC. NO. 5
Filed 02/05/19   Page 27 of 28 PageID #: 32
INDEX NO. 523414/2018
RECEIVED NYSCEF: 01/02/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

Job #: 169093

Attorney: SCHMELKIN ASSOCIATES, P.C. PH: (212) 227-8865
Address: 30 VESEY STREET NEW YORK, NEW YORK 10007

| | |
|---|---|
| DANIEL NEAL, | Index Number: 523414/18 |
| vs                                       *Plaintiff* | Date Filed: 11/20/2018 |
| THE CITY OF NEW YORK., ETAL., | Client's File No.: |
| *Defendant* | Court Date: |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
SCHADRAC LAGUERRE, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 12/15/2018, at 3:33 PM at: 3700 SURF AVENUE, BROOKLYN, NY 11223 Deponent served the within Notice of Commencement of Action Subject to Mandatory Electronic Filing, Summons and Verified Complaint

On: THE SEAGATE ASSOCIATION, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to  (Agent For Service Of Process) a person of suitable age and discretion. Said premises is recipient's:☐ actual place of business / employment  ☐ dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
☐ actual place of business / employment  ☐ dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☒ **#4 Corporation or Partnership or Trust or LLC**
By delivering a true copy of each to Refused name  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be Agent For Service Of Process thereof.

☐ **#5 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known ☐ Actual Place of Residence [X] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Male          Color of skin: White          Color of hair: Black     Glasses:
Age: 36-50          Height: 5ft 9in - 6ft 0in          Weight: 161-200 Lbs.          Other Features:

☐ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 12/17/2018

_____
JAY BRODSKY
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2019

_____
SCHADRAC LAGUERRE
2626838-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

1 of 1

FILED: KINGS COUNTY CLERK 01/28/2019 10:13 AM
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 01/28/2019

Case 1:18-cv-00707-PKC-JO Document 1-3 Filed 02/05/19 Page 28 of 28 PageID #: 33

INDEX NO. 523414/2018
Job # 1169742

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
Attorney: SCHMELKIN ASSOCIATES, P.C. PH: (212) 227-8865
Address: 30 VESEY STREET NEW YORK, NEW YORK 10007

DANIEL NEAL,

vs                                                          *Plaintiff*

THE CITY OF NEW YORK, ETAL.,

                                                            *Defendant*

| | |
|---|---|
| Index Number: 523414/18 | |
| Date Filed: 11/20/2018 | |
| Client's File No.: | |
| Court Date: | |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
MARWAN M. ELGIZAWY, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 1/16/2019, at 9:53 AM at: 3700 SURF AVENUE, BROOKLYN, NY 11223 Deponent served the within **Summons and Verified Complaint**

On: **DARRIEN PHILLIPS C/O SEAGATE POLICE DEPT.**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Sgt. Manney  (Co-Worker) a person of suitable age and discretion. Said premises is recipient's:[X] actual place of business / employment  [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 01/18/2019, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [X] Actual Place of Business, 3700 SURF AVENUE, BROOKLYN, NY 11223 and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Male          Color of skin: White          Color of hair: Gray     Glasses:
Age: 51-65          Height: 5ft 9in - 6ft 0in          Weight: 161-200 Lbs.          Other Features:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 01/18/2019

JAY BRODSKY
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2019

MARWAN M. ELGIZAWY
2076592-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007