UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL NEAL,

                 Civil Action No.
      Plaintiff,

  - against -           **RULE 26(a) DISCLOSURE**

THE CITY OF NEW YORK, SEAGATE COURT
HOMEOWNERS ASSOCIATION, INC., SEAGATE
HOMEOWNERS ASSOCIATION, THE SEAGATE
ASSOCIATION, and DARRIEN PHILLIPS,

      Defendant.
------------------------------------------------------------------X

    The following disclosure is based on the information reasonably available to Defendant, SEAGATE COURT HOMEOWNERS ASSOCIATION, INC., SEAGATE HOMEOWNERS ASSOCIATION, THE SEAGATE ASSOCIATION ("Seagate or Defendants"), at this stage of the proceedings. By making these disclosures, Defendants do not represent they are identifying every document, tangible thing or witness possibly relevant to this lawsuit. Nor do Defendants waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other valid objection. Rather, Defendants disclosure represents a good faith effort to identify information it reasonably believes is relevant to the factual disputes alleged in the pleadings, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    Moreover, Defendants disclosure is made without in any way waiving the following: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to

22019032.v1

the subject matter of these disclosures. All of the disclosures set forth below are subject to the aforementioned objections and qualifications.

## INITIAL DISCLOSURES

1. Rule 26(a)(1)(A)(i). Name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

Discovery has just commenced and Defendant has not completed its investigation into the facts and circumstances giving rise to this lawsuit. Consequently, Defendant reserves the right to supplement this disclosure as discovery and the investigation into this matter develop.

Defendant identifies the following individuals as potentially having discoverable information:

      a. Darrien Phillips – "3700 Surf Avenue, Brooklyn, NY 11224"

      b. Sea Gate Police Dept. – "3700 Surf Avenue, Brooklyn, NY 11224"

      c. Lyudnila Kagan– 5017 Surf Avenue, Brooklyn, NY

2. Rule 26(a)(1)(A)(ii). A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

Defendant identifies the following documents and categories of documents that it may use to support its defense in this action:

- Prisoner Movement Slip (annexed hereto)

Defendant reserves the right to supplement these disclosures as discovery and their investigation continues.

3. Rule 26(a)(1)(A)(iii). A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Defendant does not claim any damages caused by Plaintiff at this time.

4. Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants are aware of the existence of the following applicable insurance agreement(s):

- At the time of the alleged incident, Sea Gate Association is insured with a limit of $1 million per occurrence and $2 million in the aggregate with QBE. The precise terms and conditions of the policy are proprietary and confidential. The applicable limits of liability coverage are well in excess of the maximum value of the claims asserted by Plaintiff in this action.

These disclosures are rendered and based upon information in the possession of Defendants at the time of the preparation of such disclosures and after diligent inquiry. Defendants anticipate that discovery will continue as long as permitted by statute, stipulation of the parties, or as directed by the Court. Defendants' investigation of this matter will continue to and throughout the trial of this action. Defendants therefore specifically reserve the right at the time of trial to introduce any evidence from any source that may hereinafter be discovered. Further, if any information has been

22019032.v1

unintentionally omitted from these disclosures, Defendant hereby reserve the right to apply for relief and/or to amend these disclosures so as to permit the insertion of such omitted information.

Dated: Garden City, New York
      March 11, 2019

Respectfully submitted,

**GOLDBERG SEGALLA, LLP**

By: _____
Erin N. Mackin, Esq.
Attorneys for Defendants –
SEAGATE COURT HOMEOWNERS ASSOCIATION, INC., SEAGATE HOMEOWNERS ASSOCIATION, THE SEAGATE ASSOCIATION, and DARRIEN PHILIPS,
200 Garden City Plaza, Suite 520
Garden City, New York 11530
Phone: (516) 267-5920
GS File No. 16989.0122

TO:   Stuart Jacobs, Esq.
       Jacobs & Hazan, LLP
       30 Vesey Street, 4th Floor
       New York, New York 10007
       *Attorneys for Plaintiff*